IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,692-03






EX PARTE JIMMIE HOWARD FOXWORTH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-24162 IN THE 217TH DISTRICT COURT


FROM ANGELINA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to sixty years' imprisonment. The Tenth Court of Appeals affirmed
his conviction. Foxworth v. State, No. 10-04-209-CR (Tex. App.-Waco, delivered September 21,
2005). 

 Applicant contends inter alia, that his trial counsel rendered ineffective assistance by eliciting
and failing to object to extraneous offense and bad act testimony during the guilt-innocence phase
of trial, preventing him from testifying at the guilt-innocence phase of trial, and eliciting testimony
from a police officer that Applicant had sexually assaulted others. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether trial counsel elicited or failed to object to 
extraneous evidence or bad act testimony. The trial court shall make findings as to whether trial
counsel elicited testimony that Applicant had sexually assaulted persons other than the complainant
in this case. The trial court shall make findings as to whether trial counsel prevented Applicant from
testifying on his own behalf. The trial court shall make findings of fact as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 11, 2008

Do not publish